```
                IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF PUERTO RICO
```

| | |
|---|---|
| JOSE A. ROSARIO-DIAZ, et al.<br>        **Plaintiff**<br><br>                v.<br><br>AUTORIDAD DE EDIFICIOS PÚBLICOS,<br>ET AL.<br>        **Defendant** | **CIVIL NO.** 21-1425 (RAM) |

## MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

On September 4, 2021, Plaintiff Jose A. Rosario-Diaz, Maribel Garcia-Reyes, and their conjugal partnership (jointly, "Plaintiffs") filed a *Complaint* against the Commonwealth of Puerto Rico ("the Commonwealth"), Autoridad de Edificios Publicos ("Defendant" or "the Public Building Authority" or "PBA"), Andres Rivera-Martinez ("Rivera-Martinez"), as director of the PBA, and unnamed co-defendants, for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, violations to his First, Fifth and Fourteenth Amendment Rights under the United States Constitution and under Articles 1802 and 1803 of the Puerto Rico Civil Code. (Docket No. 1 ¶¶ 29-35).[1]

---

[1] On December 28, 2021, Plaintiffs filed a *Motion of Voluntary Dismissal (Commonwealth of Puerto Rico)* requesting the Court voluntarily dismissal without

The Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA") provides for the "automatic stay" of pending cases against the Government of Puerto Rico. This "stay" acts as a protective measure to the debtor. *See* 48 U.S.C. §§ 2102-2241. Specifically, the automatic stay under PROMESA applies to:

> [T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the Government of Puerto Rico that was or could have been commenced before the enactment of this chapter, or to recover a Liability Claim against the Government of Puerto Rico that arose before the enactment of this chapter[.]

48 U.S.C. § 2194 (b)(1).

This provision is intended to "effectively stop all creditor collection efforts . . . thereby affording the parties and the [c]ourt an opportunity to appropriately resolve competing economic interests in an orderly and effective way." In Re Financial Oversight and Management Board for Puerto Rico, 919 F.3d 121, 129 (1st Cir. 2019) (internal citations omitted). Due to PROMESA, in most scenarios when a party is solely seeking monetary relief from the Commonwealth, an automatic stay is applicable. *See* Gomez-Cruz v. Fernandez-Pabellon, 2018 WL 4849650, at *4 (D.P.R. 2018).

This automatic stay applies to all entities of the Government of Puerto Rico, including its instrumentalities. *See* 48 U.S.C. §§

---

prejudice all claims against the Commonwealth. (Docket No. 15). The Court subsequently granted the Notice. (Docket No. 20). The remaining Defendants in this case are the PBA and Rivera-Martinez, as the PBA's Director.

2104(11), 2194(b). On May 3, 2017, in its Petition for relief under Title III of PROMESA, the Financial Oversight and Management Board for Puerto Rico, acting on behalf of the Commonwealth, identified the PBA as an entity covered by PROMESA. *See* In re: Commonwealth of Puerto Rico, No. 17-cv-01578 (LTS), Docket No. 1-4 ¶ 35;[2] *see also* Berrios Correa v. MAPFRE, 2020 WL 6948159, at *1 (D.P.R. 2020), appeal dismissed sub nom. Berrios-Correa v. Mapfre-Praico Ins. Co., 2021 WL 2945596 (1st Cir. 2021) ("Here, the parties do not contest that the insured, PBA, is a Title III debtor protected by PROMESA's automatic stay.") Furthermore, persuasive precedent from the Puerto Rico Court of Appeals has repeatedly held that lawsuits seeking monetary damages from the PBA are automatically stayed by PROMESA.[3] *See e.g.*, Irma Damaris Carmona Claudio v. MAPRFE PRAICO, et al., 2020 8173068, at *3 (P.R. Cir. 2020); HBA Contractors, Inc. v. Autoridad de Edificios Públicos, 2019 WL 6842565, *5 (P.R. Cir. 2019); Alberto Agron Valentín, (Sunc.) v.

---

[2] This list of 63 governmental entities covered by PROMESA is available at: https://promesa.prd.uscourts.gov/sites/default/files/01-4.pdf (last visited on July 12, 2022). The Court notes that Case No. 17-cv-01578(LTS), where this list was originally filed, has been consolidated with In re: Commonwealth of Puerto Rico, No. 17-bk-3283 (LTS).

[3] *See* AES Puerto Rico, L.P. v. Trujillo-Panisse, 133 F. Supp. 3d 409, 415 (D.P.R. 2015) (holding that "documents on file in federal or state courts are proper subjects of judicial notice.") The Court also notes that Puerto Rico Court of Appeals decisions "are non-binding, but do provide instructive guidance." Teamcare Infusion Orlando, Inc. v. Humana Health Plans of Puerto Rico, Inc., 2018 WL 9412924, at *5 (D.P.R. 2018) (citing West v. Am. Tel. & Tel. Co., 311 U.S. 223, 237 (1940) and CPC Int'l, Inc. v. Northbrook Excess & Surplus Ins. Co., 962 F.2d 77, 91 (1st Cir. 1992)).

v. Autoridad de Edificios Públicos, 2019 WL 6359171, at *2 (P.R. Cir. 2019); Autoridad de Edificios Públicos v. Oficina de Administración de los Tribunales, 2017 WL 4098382, at *1 (P.R. Cir. 2017).

The United States District Court for the District for Puerto Rico has discretion to determine whether a stay is applicable. *See* Gomez-Cruz, 2018 WL 4849650, at *3 (D.P.R. 2018) (internal citations omitted). The automatic stay under PROMESA does have exceptions, namely in *habeas corpus* petitions and when government officials are sued in their individual capacities. *See* Atiles-Gabriel v. Puerto Rico, 256 F. Supp.3d 122, 127-128 (D.P.R. 2017); Guadalupe-Baez v. Pesquera, 269 F. Supp. 3d 1, 3 (D.P.R. 2017). None of these exceptions apply here.

Lastly, PROMESA allows a party to move for relief from the automatic stay. An interested party must file a motion with the United States District Court for the District for Puerto Rico. The District Court may grant relief from the stay "after notice and a hearing . . . for cause shown." 48 U.S.C. § 2194(e)(2). Reasons that may be considered "for cause" and which can lead to relief from the automatic stay can be found in the Bankruptcy Code. *See* 11 U.S.C. §362(d). Further, the stay terminates forty-five (45) days after a request for relief from a stay is made unless the court overseeing the stay says otherwise. *See* 48 U.S.C. § 2194(f).

There are several steps a moving party must take before filing a "Stay Relief Motion" from an automatic stay against the Commonwealth. In a nutshell, an interested party must first notify the Financial Control Board's attorneys via e-mail fifteen (15) days prior to filing an action requesting relief from the stay. A moving party must notify both their intent to seek relief from the stay, called a "Lift Stay Notice", **and** the notice period, which is called a "Lift Stay Notice Period."[4] During the "Lift Stay Notice Period," the Debtors and movant shall meet and attempt to resolve the movant's request for relief. Only if the Debtors disagree with the movant's request for relief or if the "Lift Stay Notice Period" expires before both sides can reach an agreement, can the movant then file a "Stay Relief Motion" in accordance with the Case Management Procedures. *See* Exhibit "1" of the link included in Footnote Number 4 of this Order regarding the relevant pages from the "Order Further Amending Case Management Procedures" which details the procedure to request relief from an automatic stay. This Order was issued by the Hon. Laura Taylor Swain, United States District Judge, on February 22, 2022.[5] Any "Motion for Relief from

---

[4] For all the information that must be included in the email to the Financial Control Board's attorneys, please see the following link: https://promesa.prd.uscourts.gov/sites/default/files/17-bk-3283-20190.pdf (last visited July 12, 2022). The link contains all the information an interested party needs to know regarding case management procedures for all proceedings under Title III of PROMESA. The procedure to request a lift of stay can be found in pages 14-16, Paragraphs R-V. *See* Exhibit 1.

[5] Id.

Stay" must be filed at Case No. 17-BK-3283-LTS and addressed to Judge Taylor Swain.

The automatic stay applies to this case regarding Plaintiff's request for monetary damages. The case is thus stayed pursuant to 48 U.S.C. §2161 and 11 U.S.C. §§ 362 and 922. If the stay is lifted, the parties shall inform the Court within seven (7) days.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 13th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge